MENÉNDEZ v. THE REGISTRAR OF PROPERTY.

APPEAL from a Decision of the Registrar of Property
of Mayagüez.

No. 1.—Decided June 29, 1907.

TAXES—RECORD—CERTIFICATE OF SALE.—Certificates of sale issued by collectors of internal revenue must state the name of all persons against whom the compulsory proceedings were prosecuted in order that the registrar may determine whether they are the some persons in whose favor the property appears to be recorded in the registry. The omission of this requisite in the certificate of sale constitutes an incurable defect which prevents its admission to record.

PROPERTY OF MINORS—JUDICIAL AUTHORIZATION.—A mother with the *patria potestas* of her children must have judicial authorization to represent them in the execution of a public instrument affecting their ownership of real property.

The facts are stated in the opinion.

*Mr. Ramírez* for appellant.

MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

This is an appeal taken by Attorney Rodolfo Ramírez Vigo on behalf of Ricardo Menéndez Monsegur from a decision of the Registrar of Property of Mayagüez, refusing the admission to record of a deed of sale of a rural estate.

Compulsory proceedings were instituted by the Collector of Internal Revenues of Mayagüez against Elena Rivera *et al.* for the recovery of arrears of taxes, and an estate belonging to the debtors was attached, which estate has an area of 58 *cuerdas,* situated in the *barrio* of Legisamos in the municipal district of that city, and upon being offered at public sale it was awarded to Ricardo Menéndez as the highest bidder. The proper certificate of purchase was issued to the purchaser by the collector of revenues, and upon presentation thereof in the Registry of Property of Mayagüez for record, such record was denied by the registrar on the grounds set

forth in the decision at the foot of said document, which reads as follows:

"The record of the foregoing document is denied in view of a petition for an additional entry signed by Ricardo Menéndez, in which he states that the property sold consists of two tracts of land, one of 50 *cuerdas* and another of 8 *cuerdas* situated in the *barrio* of Río Cañas of this municipal district, which are described, on the ground that the explanation made in the petition for an additional entry was not embodied in an authentic document; that the estate of 58 *cuerdas* sold is not identified in any manner whatsoever with the two tracts of land described in said petition; and that the two said tracts are recorded in favor of Elena Rivera and her two daughters, Lorenza and Elena Traval y Rivera, while the compulsory proceedngs were prosecuted against Elena Rivera and others, the certificate of sale not giving the names of the latter. In lieu of the record a cautionary notice has been entered effective for a period of 120 days, at folios 7 and 13, over, of volume 64, of the municipality of Mayagüez, estates Nos. 2298 and 2299, duplicate, record letter C, which remain subject to the results of record letters A and B of the same estates. The further curable defect has been entered, that the petition for an additional entry states that the two tracts alleged to compose the estate sold, are situated in the *barrio* of Cabo Cañas, while according to the register they appear in the *barrio* of Legisamos,. Mayagüez, P. R., November 16, 1906.—José S. Benedicto, Registrar of Property."

For the purpose of correcting the defect noted by the registrar in his decision and to show that the persons against whom the compulsory proceedings had been prosecuted under the title of Elena Rivera *et al.* were Elena Rivera, widow of Traval and her daughters, Elena and Lorenza Traval y Rivera, in whose favor the lands were recorded in the registry of property in two tracts, one of 50 *cuerdas* and the other of 8 *cuerdas,* there was presented in the registry a copy of a notarial act executed in Mayagüez before Attorney and Notary Rodolfo Ramírez Vigo, of said city, on December 7, 1906, in which Elena Rivera, the widow of Traval, stated the above in order that the cautionary notice entered of the certificate of sale might be converted into a definite record. The registrar

declined to do this on the grounds set forth in the decision placed at the foot of said certificate, which reads as follows:

"The conversion into a definite record of the cautionary notices made by virtue of the foregoing document, which has been sought by the presentation in this office of the foregoing certificate of sale and a notarial act executed on the 7th instant before Notary Rodolfo Ramírez, in which Elena Rivera, in her own right and on behalf of her minor daughters, Lorenza Traval y Rivera and Elena Traval y Rivera, makes certain statements with reference to the foregoing certificate of sale, is denied, because of the defects that the said Elena Rivera is not authorized to explain or amend a document executed by an officer of the Government, nor to represent her minor children in the execution of a public document affecting the ownership of their real property, without proper judicial authority; and in lieu thereof a cautionary notice has been entered at folios 8 and 14, reverse sides, of volume 64 of this municipality, estates Nos. 2298, and 2299, duplicates, record letter D, which remain subject to the result of record letters A, B and D of the same estates. Mayagüez, December 12, 1906.—José E. Benedicto, Registrar of Property."

Ricardo Menéndez Monsegur took an appeal from the foregoing decision, through his attorney, Rodolfo Ramírez Vigo, asking for the reversal of the same, and that an order issue to the registrar holding that as the defects noted in his decision of November 16 last, which had given rise to the entry of the suspension, had been cured by the notarial act of December 7, 1906, executed by Elena Rivera, he proceed to record in the name of Ricardo Menéndez Monsegur the two tracts of land, one of 50 and the other of 8 *cuerdas,* which appear in favor of Elena Rivera and her daughters, Elena and Lorenza Traval y Rivera, inasmuch as the identity of the estate purchased on July 27, 1906, by Ricardo Menéndez from the Treasury of Porto Rico, for the payment of the taxes owed by Elena Rivera *et al.,* has been established as being the same and consisting of the two tracts of land indicated.

At this stage of the proceedings José Antonio Fernández appears in this Supreme Court, alleging to be the attorney

in fact of the firm of Pérez Hermanos, without establishing it in any manner, and he prays that the appeal taken by Ricardo Menéndez be dismissed as the lands in question did not belong to him but to his principals, Pérez Hermanos.

The grounds upon which the decision is contested are accepted.

The decision of the Registrar of Property of Mayagüez appearing on the back of the certificate issued in favor of Ricardo Menéndez, holding that the conversion into a definite record of the cautionary notice made in favor of said Menéndez cannot be made, is affirmed, and it is ordered that the documents presented be returned to the Registrar of Mayagüez together with a copy of this decision, for his information and other purposes; and with regard to the petition filed in this appeal by José Antonio Fernández, no action lies, and it is ordered that the documents of the latter be returned to him.

*Affirmed.*

Justices Hernández, Figueras, MacLeary and Wolf concurred.